UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HEIKO POLLEM,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0277-CVE-PJC |
| | ) | |
| **RAMSEY INDUSTRIES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss or in the Alternative to Stay the Action and Brief in Support (Dkt. ## 8, 10). Defendant asks to Court to dismiss plaintiff's claims or, in the alternative, stay the case based on the Supreme Court's decision in <u>Colorado River Water Conservation District. v. United States</u>, 424 U.S. 800 (1976).

### I.

Plaintiff Heiko Pollem was an employee of Ramsey Industries, Inc. ("Ramsey") from 1988 until he retired in 2001. On December 15, 1989, Pollem enrolled in Ramsey's Management Security Plan ("the Plan"). The Plan provided a $500,240 retirement benefit, and plaintiff alleges he obtained a vested interest in this benefit after ten years of employment. In 2001, Ramsey allegedly attempted to terminate the Plan without the knowledge of Plan participants. Plaintiff did not receive notice that the plan was terminated until June 2005. Plaintiff met with Ramsey's president, Bob Heffron, to discuss Ramsey's attempt to terminate the Plan, but the parties were unable to resolve plaintiff's claim that he was entitled to a retirement benefit.

Ramsey filed a declaratory judgment action in the District Court of Tulsa County on July 29, 2005, <u>Ramsey Industries, Inc. v. Pollem,</u> Case No. 2005-4471 ("State Court Case 1"), asking the court to declare that Pollem's rights in the Plan were terminated when Plan participants voted to cancel the Plan in 2001. It is not clear from the complaint what legal issues Ramsey intended to litigate in this action.[1] Ramsey failed to serve Pollem and the case was dismissed on November 10, 2005. Ramsey filed a second declaratory judgment action on May 8, 2006, <u>Ramsey Industries, Inc. v Pollem</u>, Case No. 2006-2937 ("State Court Case 2), making the same allegations as in Case No. 2005-4471.[2] Ramsey also successfully vacated the dismissal of State Court Case 1 on May 23, 2006. On May 26, 2006, Pollem filed a complaint in federal court in the Northern District of Oklahoma alleging violations of the Oklahoma Protection of Labor Act, Okla. Stat. tit. 40, § 165.1 <u>et</u> <u>seq</u>., the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"), and breach of contract.

Ramsey obtained a default judgment in State Court Case 1 on July 26, 2006.[3] The journal entry of default judgment states:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that declaratory judgment, by default be, and is hereby entered in favor of Plaintiff, Ramsey Industries, Inc., and against the Defendant, Heiko Pollem; that the District Court of Tulsa County, State of Oklahoma is the proper venue for the resolution of this dispute; that the Management Security Plan was properly terminated in 2001; that

---

[1] The state court petitions in both cases are identical and simply state that "[a] controversy has arisen between Ramsey and the Defendant over the interpretation of the Plan and Defendant's rights, if any, in the Plan." <u>See</u> Dkt. # 8, Ex. A, Petition for Declaratory Judgment; Dkt. # 16, Ex. 2, Petition for Declaratory Judgment. Ramsey asks for a "judicial declaration over the interpretation of the Plan and Defendant's rights, if any, in the Plan [that] will resolve the controversy between the parties." <u>Id</u>.

[2] The parties have not informed the Court of the status of State Court Case 2, except that Pollem alleges he has not been served with notice of that action.

[3] Pollem is attempting to vacate the default judgment, but this issue is still pending before the state court.

>Defendant's rights in said Management Security Plan were properly terminated; that Defendant is entitled to and should take nothing under the Management Security Plan; and that Plaintiff has no obligation to Defendant under the Management Security Plan.

Dkt. # 20, Ex. A, Journal Entry of Judgment, at 1-2.

## II.

As a general rule, parallel proceedings in a state court do not allow a federal court to dismiss or abstain from exercising jurisdiction to decide a case before it. Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959). "Abstention rarely should be invoked, because the federal courts have a 'vitually unflagging obligation . . . to exercise the jurisdiction given them." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996); Ankenbrandt v. Richards, 504 U.S. 689, 705 (1992). However, the Supreme Court has recognized several circumstances when federal courts should stay or dismiss a case to avoid interfering with state law or parallel state court proceedings. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). For example, a federal court should abstain to avoid ruling on unclear state law, Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), or to prevent interference with a complex state administrative proceeding, Burford v. Sun Oil Co., 319 U.S. 315 (1943).

In Colorado River, the Supreme Court held that concurrent proceedings in state and federal courts interfered with an express federal policy to avoid piecemeal litigation in cases to determine water rights under the McCarran Water Rights Suit Act, 43 U.S.C. § 666 ("McCarran Amendment"). 424 U.S. 800. Water is considered a scarce commodity in many of the western states, and Colorado had established complex administrative procedures to rule on applications for water rights. Id. at 804. In that case, the federal government initiated a claim in federal court seeking a declaration of the government's rights to water on its own behalf and certain Indian tribes. After that suit was

filed, the defendants instituted administrative proceedings in Colorado Water Division No. 7 to determine water rights under federal and state law. The Supreme Court affirmed the district court's decision to abstain based on the exceptional circumstances of this case. The Court clarified that abstention was not proper in every case where a state court proceeding was potentially duplicative of a federal case, but noted four factors to guide federal courts when deciding to proceed or abstain: (1) the risk of adjudicating rights to the same property; (2) the inconvenience of the federal forum; (3) the need to avoid piecemeal litigation; and (4) the order which jurisdiction was obtained by the state and federal courts. Id. at 818. The McCarran Amendment provided evidence of congressional intent to establish a single proceeding for determining water rights, and abstention was appropriate under the extraordinary circumstances of the case.

The Supreme Court has affirmed its holding in Colorado River, but has emphasized that abstention is the exception, not the general rule. Arizona v. San Carlos Apache Tribe of Arizona, 463 U.S. 545 (1983) (abstention appropriate when Indian tribe brought suit in federal court to determine water rights and state court had concurrent jurisdiction); Will v. Calvert Fire Insurance Co., 437 U.S. 655 (1978) (decision to defer federal court proceedings based on pending state court case within sound discretion of district court judge). In subsequent cases, the Court has provided additional factors to consider when Colorado River abstention is at issue, such as whether federal law provides the rule of decision on the merits, the reactive or vexatious nature of the federal lawsuit, and the adequacy of the state court proceedings to protect the parties' rights. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). When the federal court plaintiff requests declaratory relief, abstention is governed by the discretionary standard of Brillhart v.

Excess Ins. Co. of America, 316 U.S. 491 (1942), not the extraordinary circumstances test of Colorado River. Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

The appropriate remedy when the federal court applies Colorado River is for it to abstain until the state court proceedings are concluded. Selmon v. Portsmouth Drive Condominium Ass'n, 89 F.3d 406, 410 (7th Cir. 1996); Fox v. Maulding, 16 F.3d 1079, 1083 (10th Cir. 1994). The threshold inquiry for the court is to determine if the state and federal cases are sufficiently parallel. Allen v. Bd. of Educ., Unified Sch. Dist. 436, 68 F.3d 401, 403 (10th Cir. 1995). Exact identity of parties and claims is not required, but the cases must involve "substantially the same parties litigat[ing] substantially the same issues." United States v. City of Las Cruces, 289 F.3d 1170, 1182 (10th Cir. 2002). Only then should the court "ascertain whether there exist *exceptional circumstances, the clearest justifications*, that can suffice under *Colorado River* to justify the surrender of jurisdiction." Rienhardt v. Kelly, 164 F.3d 1296, 1303 (10th Cir. 1999). No single factor is dispositive and the court must carefully balance each factor against the strong presumption that it should retain jurisdiction. Id.

### III.

Ramsey argues that the Colorado River doctrine should be applied in this case to prevent duplicative litigation involving the same parties and issues. It points to the judgment entered by the state court as evidence that the federal court should abstain, in order to prevent months of unnecessary litigation and potentially enter a contradictory decision. Plaintiff responds that there is no need to consider the Colorado River factors, because the cases are not sufficiently parallel to meet the threshold requirement. Even if the Court finds that the cases are parallel, plaintiff claims that there are no extraordinary circumstances that would justify abstention in this case.

There is no dispute that identical parties are involved in this case and the two state court cases. Based on the state court pleadings, Pollem raises a legitimate argument that the state and federal cases do not involve substantially similar legal issues and should not be considered parallel. Ramsey's petitions in state court simply states that "[a] controversy has arisen between Ramsey and [Pollem] over the interpretation of the Plan and [Pollem's] rights, if any, in the Plan." Dkt. # 8, Ex. A, at 1; Dkt. # 16, Ex. 2, at 1. Ramsey does not indicate what legal theories it intends to pursue in state court, and while this may satisfy the notice pleading requirements of Okla. Stat. tit. 12, § 2008, it does not aid the Court when determining the similarity of the pending cases. Ramsey does not have to show that the state and federal cases involve exactly the same legal issues; however, it does bear the burden to show the cases require both courts to decide substantially the same issues. Tyrer v. City of South Beloit, Ill, 456 F.3d 744, 752 (7th Cir. 2006) ("Among other things, to determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues"); New Beckley Min. Corp. v. Int'l Union, United Mine Workers of America, 946 F.2d 1072 (4th Cir. 1991) ("some factual overlap does not dictate that proceedings are parallel); Crawley v. Hamilton County Comm'r, 744 F.2d 28, 31 (6th Cir. 1984) (court must consider facts as they currently exist to determine if legal issues are substantially similar).

In this case, it is clear that both parties are litigating plaintiff's entitlement to benefits under the Plan. Pollem's breach of contract and ERISA claims appear to raise similar issues as Ramsey's state court actions, even though Ramsey does not identify a specific legal theory for recovery. Pollem's claim under the Oklahoma Protection of Labor Act seeks recovery for Ramsey's termination of the Plan. However, Ramsey does not provide any analysis of the claims, except to

6

state its opinion that the claims are "perfectly parallel." The analysis required to determine if cases are parallel has been described as a "painstaking comparison of the federal and state complaints," but Ramsey's analysis falls far short of this standard. Tyrer, 456 F.3d at 752; Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988). However, even if the Court assumes the cases are parallel, the Court does not find any extraordinary circumstances that would justify abstaining under the Colorado River doctrine.

The first factor from Colorado River -- the risk of adjudicating rights to the same property -- is minimal due to the vague nature of the pleadings in state court. The second factor supports retaining jurisdiction in this Court, as there is no inconvenience to the federal forum. The Tulsa County District Court is within walking distance of the federal court, and the state and federal forums, if inconvenient, would be equally inconvenient. Romine v. Compuserve Corp., 160 F.3d 337, 341 (6th Cir. 1998) (this factor does not support abstention when both courts are located in the same city). The Court finds some risk of piecemeal litigation if the state and federal cases proceed, but given the Court's uncertainty that the claims are actually parallel, this risk is minimal. The state court appears to have obtained jurisdiction first, but Pollem disputes that he was served with notice of either state court case. This factor has been interpreted in different ways, and the first court to obtain jurisdiction is not always the most suitable forum. See Colorado River, 424 U.S. at 806; Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 927 (8th Cir. 2006); Reinhardt, 164 F.3d at 1303; Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc., 48 F.3d 294, 298 (8th Cir. 1995). Ramsey refers to a state court judgment, which may or may not be upheld following a motion to vacate filed by Pollem. However, the judgment is not relevant to the Court's application of the Colorado River doctrine but, rather, it is a factor should Ramsey argue that res

judicata precludes the Court from ruling on Pollem's claims.  See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006); Ryan v. Johnson, 115 F.3d 193, 195 (3d Cir. 1997); China Trade & Development Corp v M.V. Choong Yong, 837 F.2d 33, 36 (2d Cir. 1987). Ramsey may argue that its state court judgment should be afforded preclusive effect in this Court, but the judgment standing alone is not an extraordinary circumstance that would justify applying the Colorado River doctrine.

Abstention doctrines "rest on the considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River, 424 U.S. 816 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)).  However, a party may not simply rest on the bare argument that the same parties are engaged in multiple cases when seeking abstention under Colorado River.  Gregory v. Dale, 243 F.3d 687, 702 (2d Cir. 2001).  The Tenth Circuit has been clear that Colorado River abstention is a narrow exception to the district court's duty to assume jurisdiction over the cases before it, and "[o]nly in 'exceptional circumstances' should a federal plaintiff be ordered to repair to the state court."  Ramos v. Lamm, 639 F.2d 559, 564 (10th Cir. 1980).  Ramsey's allegation that it may be forced to litigate multiple cases, standing alone, is not sufficient for the Court to abstain from hearing a case before it.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or in the Alternative to Stay the Action and Brief in Support (Dkt. ## 8, 10) is **denied**.

**DATED** this 25th day of September, 2006.

_Claire V Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8