UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HEIKO POLLEM,                              )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )        Case No. 06-CV-0277-CVE-PJC
                                           )
RAMSEY INDUSTRIES, INC.,                   )
                                           )
                                           )
                    Defendant.             )

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Stay Action Pending Resolution of Motion

to Vacate Default Judgment Pending in State Court (Dkt. # 22).  Defendant requests that the Court

stay these  proceedings until the state court rules on plaintiff's motion to vacate default judgment

in another dispute between the parties.[1]  Plaintiff responds that defendant has not shown that it

would suffer any hardship from continuing with pretrial activities in this case.

## I.

Plaintiff Heiko Pollem was an employee of Ramsey Industries, Inc. ("Ramsey") and alleges

that he  was a fully vested participant in a retirement plan offered to Ramsey's employees. Plaintiff

retired in 2001 and attempted to claim his retirement benefit.  Ramsey informed plaintiff that it had

terminated the retirement plan and denied Pollem's claim for retirement benefits.  Pollem alleges

that Ramsey wrongfully eliminated his retirement benefits because it did not provide proper notice

---

[1]     The Court denied defendant's Motion to Dismiss or in the Alternative to Stay Action (Dkt.
# 8) based on Colorado River Water Conservation Dist. v. United States, 424 U.S. 800
(1976). Defendant failed to make a threshold showing that the state and federal court cases
were parallel, and there were no exceptional circumstances justifying abstention under
Colorado River.  Dkt. # 21.

before cancelling the plan.  Ramsey filed a declaratory judgment action in the District Court of Tulsa County on July 29, 2005, Ramsey Industries, Inc. v. Pollem, Case No. 2005-4471, seeking a judgment that it did not owe Pollem any benefits under the retirement plan.  On May 26, 2006, Pollem filed a complaint in federal court in the Northern District of Oklahoma alleging violations of the Oklahoma Protection of Labor Act, Okla. Stat. tit. 40, § 165.1 et seq., the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"), and breach of contract.  Ramsey obtained a default judgment in the state court action on July 26, 2006.  Pollem has filed a motion to vacate the state court judgment on the ground that he was not served with notice of those proceedings.

## II.

Ramsey requests a stay of any proceedings in this Court until the state court rules on plaintiff's motion to vacate the default judgment.  Ramsey does not allege that it will suffer any hardship from litigating cases in both state and federal court.  Instead, Ramsey claims that a stay is necessary to avoid ruling on matters that may be barred by res judicata because of the potential preclusive effect of the state court judgment.  Plaintiff responds that even if the motion to vacate is denied, res judicata will not necessarily be applicable in this case.

Ramsey relies on Kittel v. First Union Mortgage Corporation, 303 F.3d 1193 (10th Cir. 2002), to support its argument that a stay is appropriate in this case.  In Kittel, First Union Mortgage Company ("First Union") filed a foreclosure action in state court against Michael and Tama Kittel ("the Kittels"), and First Union obtained a default judgment in its favor.  Id. at 1194.  The Kittels subsequently filed a claim under the Truth in Lending Act, 15 U.S.C. § 1640 et seq., against First Union and World Mortgage Company.  The federal court found that this claim should have been

2

raised as a compulsory counterclaim in state court, and the Kittels' claim was dismissed under the doctrine of res judicata. Id. The Kittels appealed the district court's decision to dismiss their claims and also filed a motion to vacate the default judgment in state court. The Tenth Circuit stayed the appellate proceedings until the state court ruled on the Kittels' motion to vacate the default judgment. The court stated:

> The situation before us raises a vexing problem. If the state court vacates its ruling, then the very judgment that the district court relied upon in holding that res judicata barred the Kittels' claim will disappear, so that any opinion may end up akin to a prohibited advisory opinion. As we cannot know whether the Oklahoma court will vacate its default judgment, we believe it to be appropriate to stay further proceedings in this appeal pending the state court's ruling on the motion to vacate.

Id. Rather than rule on the merits of the district court's ruling on the issue of res judicata, the Tenth Circuit ordered the parties to notify the court when the state court ruled on the Kittels' motion to vacate.

The problem before this Court is not nearly as vexing as the one before the Tenth Circuit in Kittel. In Kittel, the district court dismissed the plaintiff's case based on res judicata, and this was the issue before the Tenth Circuit. The Tenth Circuit's decision could have turned out to be advisory depending on the outcome of the motion to vacate in state court. In this case, the state court's ruling on the motion to vacate is irrelevant to any issues before the Court. At present, this Court has not been presented with any legal issues that would be affected by the ruling on the motion to vacate in state court, because defendant has not actually raised res judicata as a defense. Contrary to defendant's assertions, Kittel does not require a federal court to enter a stay any time there is a motion to vacate pending in a similar state court proceeding. The danger in Kittel was that the Tenth Circuit's ruling on the issue of res judicata would be advisory. There is no risk of this Court entering an advisory ruling on defendant's potential defense based on res judicata, because that issue

3

has not been raised.  Therefore, <u>Kittel</u> is not applicable and a stay would not be appropriate based simply on the motion to vacate before the state court.

Defendant has not shown that the state and federal cases involve similar issues, but asserts that this is not relevant to the Court's ruling on its motion to stay.  Even though defendant is not requesting the Court to abstain under <u>Colorado Water</u>, this is a relevant consideration to defendant's motion.  Res judicata, also known as claim preclusion, "generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action."  <u>Driver Music Co., Inc. v. Commercial Union Ins. Co.</u>, 94 F.3d 1428, 1435 (10th Cir. 1996) (quoting <u>Frandsen v. Westinghouse Corp.</u>, 46 F.3d 975, 978 (10th Cir. 1995)).  This doctrine bars claims that were actually litigated or could have been litigated in the initial action.  <u>SIL-FLO, Inc. v. SFHC, Inc.</u>, 917 F.2d 1507, 1520 (10th Cir. 1990).  Res judicata is an affirmative defense and the defendant bears the burden to prove that each of the following four elements is met: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."  <u>Nwosun v. General Mill Restaurants, Inc.</u>, 124 F.3d 1255, 1257 (10th Cir. 1997).  Although the cases do not have be parallel, the Court must find the same cause of action will be litigated in a subsequent lawsuit as a necessary element of res judicata.  Defendant has presented no evidence to support its contention that the state and federal cases are based on the same cause of action.

Defendant argues that the Court should exercise its inherent authority to stay this case until the state court enters a final ruling on Pollem's motion to vacate.  This Court has the inherent

4

authority to control its docket, which includes the power to stay cases in the interests of judicial economy. United Steelworkers of America v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). The Tenth Circuit has suggested several factors to guide courts when considering whether to issue a stay, including "whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." United Steelworkers of America, 322 F.3d at 1227. Defendant has not alleged that it would suffer irreparable harm if a stay is not granted. Ramsey claims that its default judgment will upheld in state court. However, plaintiff's response suggests the motion to vacate is based on Ramsey's alleged failure to serve him with notice of the state court action, and this could be a successful defense to the default judgment.[2] Based on Ramsey's failure to allege any hardship with proceeding in this Court and the uncertain outcome of the state court proceedings, there is no reason to delay the pretrial activities in this case.

---

[2]     The Court will not weigh the merits of the parties' arguments before the state court, but it is sufficient for the purposes of ruling on the stay that plaintiff has stated a legitimate basis for vacating Ramsey's default judgment.

5

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Action Pending Resolution of Motion to Vacate Default Judgment Pending in State Court (Dkt. # 22) is **denied**. Defendant's answer to the complaint is due forthwith.

**DATED** this 16th day of November, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6